**Balbir SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71430.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Olumide K. Obayemi, Esq., Oakland, CA, Richard E. Oriakhi, Esq., Roman & Singh, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Elizabeth J. Stevens, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Balbir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence a denial of asylum and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

The IJ concluded that Singh credibly established past persecution and was entitled to a rebuttable presumption of a well-founded fear of future persecution. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 995 (9th Cir.2003). After conducting an individualized analysis of Singh's situation in light of changed country conditions, the IJ concluded that Singh's fear of future persecution was not objectively well-founded and the presumption rebutted. *See id.* at 1000 (*quoting Borja v. INS*, 175 F.3d 732, 738 (9th Cir.1999) (en banc)).

Because the evidence does not compel the conclusion that Singh has a well-founded fear of persecution on account of an enumerated ground if returned to India, the IJ's determination that he failed to establish eligibility for asylum is supported

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by substantial evidence. *See Acewicz v. INS*, 984 F.2d 1056, 1061–62 (9th Cir. 1993). It follows that he failed to meet the more stringent standard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

As Singh points to no additional evidence the IJ should have considered regarding the likelihood he would be tortured if returned to India, Singh's CAT claim must also fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**